UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EFIGENIA AGUIRRE *and* JOSE MANUEL SANCHEZ,

                      Plaintiffs,

      v.

LEE'S SEOUL CLEANERS, INC., CHUNG HYUK AHN, *and* VIRMA ROSSEO,

                      Defendant.

**ORDER**

23-cv-04646 (ER)

RAMOS, D.J.

      Efigenia Aguirre and Jose Manuel Sanchez ("Plaintiffs") filed this action against Lee's Seoul Cleaners Inc., Chung Hyuk Ahn, and Virma Rosseo on June 1, 2023. Doc. 1. On September 3, 2024, Clerk's certificate of default was issued. Doc. 25. There was then no activity on the docket for the next 7 months. Accordingly, on April 14, 2025, the Court directed Plaintiffs to submit a status letter by no later than April 21, 2025, and warned that failure to do so may result in a dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Doc. 26. No status letter was filed by April 21, 2025. For the reasons set forth below, the Court now dismisses Plaintiffs' action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## I.    LEGAL STANDARD

      Courts evaluating dismissal under Rule 41(b) must consider:

      (1) the duration of the plaintiff's failures,
      (2) whether plaintiff had received notice that further delays would result in dismissal,
      (3) whether the defendant is likely to be prejudiced by further delay,

>    (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
>    (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted).

## II.    DISCUSSION

In the instant case, each *LeSane* factor weighs in favor of dismissal. *First*, Plaintiffs have not taken meaningful action to prosecute this case in over 10 months. "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v. City of New York*, No. 16-cv-7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation and internal quotation marks omitted).

*Second*, Plaintiffs were given clear notice that failure to respond to the Court's orders could result in dismissal. On April 14, 2025, the Court specifically warned Plaintiffs that failure to respond to submit a status letter by April 21, 2025 may result in a dismissal for failure to prosecute. Doc. 26.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210 (citation omitted). Because Plaintiffs have failed to advance their case for over 10 months, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Plaintiffs have not taken advantage of their "right to due process and a fair chance to be heard." *Id.* at 209 (citation omitted). "[I]t is not the function of this

Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. City of New York*, No. 16-cv-3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Holcombe v. Skupien*, No. 14-cv-1448 (PAC), 2014 WL 6879077, at *3 (S.D.N.Y. Dec. 5, 2014)).

*Fifth*, because Plaintiffs have ignored a Court order and delayed this case for over 10 months, there are no weaker sanctions that could remedy their failure to prosecute this case. Dismissal is appropriate where, as here, plaintiffs "appear[] to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17-cv-1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020) (citation omitted); *see also McNair v. Ponte*, No. 17-cv-2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses Plaintiffs' case with prejudice. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: July 10, 2025
New York, New York

Edgardo Ramos, U.S.D.J.

3